| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Carol G. Unruh, Esq.        SBN: 102929<br>Raymond Zakari, Esq.     SBN: 225356<br>3000 S. Robertson Blvd.<br>Suite 215<br>Los Angeles, California 90034<br>310-842-9660<br>310-842-9664 fax<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**JUN 07 2017**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY ghaltchi   DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>Richard James Moore, Debtor<br>Michael Richard Miller, Joint Debtor<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-14962 NB<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362**<br>**(UNLAWFUL DETAINER)**<br><br>DATE: 06/06/2017<br>TIME:  10:00 AM<br>COURTROOM: 1545<br>PLACE: 255 E. Temple Street<br>         Courtroom 1545, 15th FL.<br>         Los Angeles, California 90012 |

**Movant:** Trojan Capital Investments, LLC

1.  The Motion was:   ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2.  This order applies to the following real property (Property):

    Type of property:  ☒ Residential   ☐ Nonresidential

    *Street Address:*        1822 East Turmont Street        APN: 7320-020-014
    *Unit/Suite number:*
    *City, State, Zip Code:*   Carson, California 90746

3.  The Motion is granted under:

    a.   ☒  11 U.S.C. § 362(d)(1)
    b.   ☒  11 U.S.C. § 362(d)(2)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                           F 4001-1.RFS.UD.ORDER

    c.  ☒  11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1)  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2)  ☒  Multiple bankruptcy cases affecting the Property.

        (3)  ☐  The court   ☐ makes   ☐ does not make   ☐ cannot make a finding that the Debtor was involved in this scheme.

        (4)  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4.  ☒  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐  Modified or conditioned as set forth in Exhibit _____ to this order.

    c.  ☐  Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5.  ☒  Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6.  ☐  Movant shall not cause the Debtor to be locked out before (*date*) _____.

7.  ☒  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10.  ☐  This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11.  ☐  This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12.  ☐  This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

    a.  ☐  without further notice.

    b.  ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*      Page 2      **F 4001-1.RFS.UD.ORDER**

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*):

       A copy of the Court's adopted tentative ruling is attached, thereby incorporating it as this Court's final ruling.

###

Date: June 7, 2017

_____
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 3    F 4001-1.RFS.UD.ORDER

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, June 06, 2017     Hearing Room   1545

**10:00 AM**
**2:17-14962**  Richard James Moore and Michael Richard Miller     **Chapter 13**

#19.00   *CASE DISMISSED ON 5/16/17*

Hrg re: Motion for relief from stay [UD]

TROJAN CAPITAL INVESTMENT LLC
vs
DEBTOR

Docket    10

**Tentative Ruling:**

Grant in part and deny in part as set forth below. <u>Appearances are not required</u>.

*Proposed order:* Movant is directed to serve and lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this court's final ruling. *See* LBR 9021-1(b)(1)(B).

(1) <u>There is no stay, due to dismissal</u>. *See* 11 USC 349(b)(3) & 362(c). Termination of the stay is also addressed below because in rare instances dismissals are vacated.

(2) <u>Termination</u>. Terminate the automatic stay under 11 U.S.C. 362(d)(1) and (d)(2). Any co-debtor stay (11 U.S.C. 1301(c)) is also terminated, because it has not been shown to have any basis to exist independent of the stay under 11 U.S.C. 362(a). To the extent, if any, that the motion seeks to terminate the automatic stay in *other* past or pending bankruptcy cases, such relief is denied on the present record. *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

(3) <u>Relief applicable to *future* bankruptcy cases ("in rem" relief)</u>.
    If this order is duly recorded in compliance with any applicable State laws governing notices of interests or liens in the property at issue, then no automatic stay shall apply to such property in any bankruptcy case purporting

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, June 06, 2017                          Hearing Room    1545

10:00 AM
CONT...    Richard James Moore and Michael Richard Miller          Chapter 13

to affect such property and filed within two years after the date of entry of this order, unless otherwise ordered by the court presiding over that bankruptcy case. For the avoidance of doubt, any acts by the movant to obtain exclusive possession of such property shall not be stayed.

Such relief is granted on the following alternative grounds: (a) under 11 U.S.C. 362(d)(4) if the movant is either (i) the holder of a deed of trust/mortgage secured by real property that is the subject of the motion, (ii) the purchaser of such property at a foreclosure sale, or (iii) a successor in interest who stands in the shoes of such persons; (b) under the court's authority to grant appropriate relief under 11 U.S.C. 105(a) and 362(d) (regardless whether the movant is a "creditor" or whether real property or personal property is at issue); and (c) under the court's inherent authority combined with 11 U.S.C. 362(d) (same). *See generally In re Choong* (case no. 2:14-bk-28378-NB, docket no. 31) (distinguishing *In re Ellis*, 523 B.R. 673 (9th Cir. BAP 2014), and explaining alternative grounds for "in rem" relief).

(4) <u>Effective date of relief</u>. Grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).

If you wish to dispute the above tentative ruling, please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings".

**Party Information**

**Debtor(s):**

Richard James Moore                     Represented By
                                                  Ronald A Norman

**Joint Debtor(s):**

Michael Richard Miller                  Represented By
                                                  Ronald A Norman

**Movant(s):**

Trojan Capital Investments, LLC      Represented By
                                                  Carol G Unruh

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

| Tuesday, June 06, 2017 | Hearing Room | 1545 |

**10:00 AM**
**CONT...**    Richard James Moore and Michael Richard Miller                                    Chapter 13

**Trustee(s):**
    Kathy A Dockery (TR)                    Pro Se